**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50703
_____


JOSEPHINE RODRIGUEZ,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-95-CV-19)
_____

March 5, 1998

Before POLITZ, Chief Judge, SMITH and DUHÉ, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Josephine Rodriguez appeals the district court's order adopting the magistrate judge's report and recommendation to affirm the final decision of the Commissioner of Social Security ("Commissioner") denying her benefits. Finding no error, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez injured her left wrist at work in 1988. She was diagnosed with an unstable distal radial ulnar joint and underwent reconstructive surgery in June 1989. On August 28 of that year, she injured her wrist again and was diagnosed with partial carpal tunnel syndrome. She continued to experience pain and underwent another reconstructive surgery and pin placement on June 22, 1990. The doctor gave Rodriguez a splint, but she chose not to wear it. In August 1990, the pin was prematurely removed after it broke when she fell.

Rodriguez again underwent surgery on her wrist in November 1990. Her health improved during the first few months of 1991, and on March 8 her treating physician found that her condition had stabilized. But on April 13, Rodriguez reinjured her wrist when she fell out of bed. On June 19, Rodriguez was diagnosed with extensor tenosynovitis. The doctor noted that she still had not been wearing her splint. On October 11, she underwent surgery yet again.

In May and June 1991, Rodriguez was treated for depression. She told the doctor that her daily activities included making her bed, caring for her dog, and watching television. She was diagnosed with chronic depression/dysthemia. On February 29, 1992, Rodriguez underwent a psychiatric evaluation. The doctor diagnosed moderate depression/dysthemia that affected her memory level and

concentration, but did not preclude gainful employment.

Rodriguez underwent surgery again in October 1992. In a follow-up letter, the physician wrote that Rodriguez had chronic instability in her left wrist and had also developed a fracture. In July 1993, a psychologist, Dr. George Parker, evaluated Rodriguez and diagnosed major depression, chronic pain syndrome, and reflex sympathetic dystrophy. He stated that she was unable, at that time, to perform gainful work activity.

B.

Rodriguez applied for Social Security disability insurance benefits in July 1991, alleging that her disability, stemming from the injury to her left wrist, began April 16, 1990. Her application was administratively denied on September 16, 1991. She requested, and was granted, a hearing before an Administrative Law Judge ("ALJ"), who concluded, in May 1993, that Rodriguez was not entitled to benefits. The ALJ found that Rodriguez was not disabled because, although she could not perform a full range of light work, there were a significant number of jobs in the national economy that she *could* perform. Specifically, the ALJ found that Rodriguez could have obtained gainful employment as, among other things, a telephone quotation clerk, cashier, or surveillance systems monitor. Her request for review by the Appeals Council was denied on December 5, 1994. This denial constituted the

3

Commissioner's final decision.

Rodriguez then sought review in the district court. In July 1995, the magistrate judge recommended that the Commissioner's final decision be affirmed. Rodriguez filed objections to the magistrate judge's report and recommendations. By order dated August 24, 1995, the district court adopted the report and recommendation and affirmed the Commissioner's decision.

Rodriguez appealed to this court, arguing that she was unable to engage in any substantial activity because of a medically determinable physical impairment that lasted more than a year. She contended that between April 1990 and October 1991, she was undergoing surgery, treatment or therapy, or was recuperating, and thus would have been unable to hold down employment. We found that the ALJ had failed to address whether Rodriguez's need for surgery and other medical treatment precluded her from holding substantial gainful employment during this time period. Accordingly, we were unsure whether the issue had been raised belowSSand therefore whether Rodriguez had exhausted her administrative remedies.[2]

We remanded to the district court for the limited purpose of supplementing the record to determine what issues had been raised

---

[2] We have jurisdiction to review only those issues that a claimant has exhausted through the administrative process. That means the claims must have been presented to the Appeals Council. *Paul v. Shalala*, 29 F.3d 208, 210-11 (5th Cir. 1994).

4

before the Appeals Council.[3]  The magistrate judge's report, accepted by the district court, found that the report of the psychologist, Dr. Parker, was the only issue Rodriguez had raised before the Appeals Council.

## II.

On review, we determine whether substantial evidence exists in the record as a whole to support the ALJ's factual findings, and whether he applied the proper legal standards.  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion."  *Id*.  If the findings are supported by substantial evidence, they must be affirmed.

## A.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims of disability are reviewed under a five-step analysis

---

[3] This case was actually remanded twice to the district court, after the first remand failed to elicit precisely which issues Rodriguez raised before the Appeals Council.

established by the Social Security Administration. *See* 20 C.F.R. § 404.1520. Our focus here is on the fifth step, which requires the Commissioner to show that the claimant is capable of performing work in the national economy. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). In short, whether Rodriguez is properly deemed non-disabled hinges on whether the Commissioner established that, even if Rodriguez could not have performed her previous job, she still could have found gainful employment somewhere in the national economy.

B.

Rodriguez's main argument is that the ALJ overlooked her need for continuing surgery and treatment from April 1990 through October 1991SSa need that Rodriguez says precluded her from holding down a job. She contends that the ALJ wrongly assumed that her hospital visits and therapy appointments could be scheduled so as to minimize her time away from work. The Commissioner argues that the ALJ's reasoning was correct, pointing to the testimony of a vocational expert, who suggested that many employees are able to miss an hour or two of work a week for therapy, yet are able to make up the time.

We need not enter the thicket of trying to determine whether Rodriguez could have held down a job through creative scheduling, for, as noted by the district court, this issue was not brought

6

before the Appeals Council.[4]  Accordingly, we lack jurisdiction to consider this claim, because it has not been exhausted through the administrative process.  *Paul v. Shalala*, 29 F.3d 208, 210-11 (5th Cir. 1994).

## C.

Rodriguez next contends that the ALJ erred in failing properly to address her claim that she suffers from chronic pain syndrome. She says that the ALJ wrongly treated her claim as a credibility issue, rather than an objective medical diagnosis.  The Commissioner argues that Rodriguez waived this claim by failing to present it to the district court.

Rodriguez did not raise this argument before the magistrate judge, although she did raise it in her objections to the magistrate judge's report and recommendations.  The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, and therefore cannot be raised on appeal.  *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).  Rodriguez argues that Dr. Parker's report, which mentioned but did not discuss chronic pain syndrome, was raised before both the Appeals Council and the magistrate judge.  But even if we accept that Dr. Parker's report sufficed to raise the issue, we cannot say that the ALJ's findings

---

[4] On remand, the district court found that the only issues raised before the Appeals Council were those presented in Dr. Parker's report.

were not supported by the evidence.

Dr. Parker's report mentions chronic pain syndrome only in passing, and several other treating physicians did not make such a diagnosis. Moreover, Rodriguez's testimony supported a finding that she maintained a fairly active life. She stated that she walked her dog twice every day and dug in her garden. She also shopped and attended church. In sum, there was substantial evidence in the record supporting the ALJ's findings.

## D.

Next, Rodriguez charges that the ALJ erred in failing to conclude that she was disabled because of depression. She relies on Dr. Parker's report for this claim, and contends that the ALJ erred in rejecting it. The ALJ found that Rodriguez's depression seldom affected her ability to concentrate, persevere, or pace herself to complete tasks. In reaching his conclusion, the ALJ relied on the findings of two doctors, as well as the testimony of Rodriguez herself, who conceded that she was not receiving treatment for depression, nor was she taking any antidepressant medication. We cannot say that this conclusion was unsupported by evidence in the record.

## E.

Rodriguez also argues that the ALJ erred in failing to recognize her non-exertional limitations. A non-exertional

8

limitation is a non-strength-related limitation on job performance. Rodriguez alleges, *inter alia*, that she was unable to concentrate, had temper outbursts, felt uneasy around other people, suffered from poor relationships with her neighbors, and was argumentative, irritable, stressed, and drowsy. Particularly in light of the testimony of her treating physicians that these problems did not preclude her from finding a job, the ALJ's conclusion that Rodriguez was not disabled is supported by the evidence.

F.

Finally, Rodriguez paints as clear error the ALJ's remark that lack of education is irrelevant to a determination of disability. Rodriguez labels this a "finding," but fails to develop the argument beyond a three-sentence allegation in her brief. The Commissioner disputes characterizing this as a finding and argues that the ALJ merely misstated an argument from the brief. We agree with the Commissioner that this stray remarkSSparticularly in light of the vocational expert's testimony, which considered Rodriguez's educational levelSSdoes not undercut the ALJ's finding that Rodriguez was not disabled.

AFFIRMED.